IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
-CV-

| | | |
|---|---|---|
| **DESTINY RAYE THOMPSON** | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | **FOR DEPRIVATION OF CIVIL RIGHTS** |
| v. | ) | **(42 USC § 1983) AND FOR VIOLATION** |
| | ) | **OF STATE LAW** |
| **JOSEPH F. BROSS** in his | ) | |
| individual capacity and as an agent | ) | |
| for the Winston Salem Police Department; | ) | |
| **PHILLIP YATES,** in his | ) | |
| Individual capacity and as an agent | ) | |
| for the Winston Salem Police Department; | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**NOW COMES** Plaintiff Destiny Raye Thompson and brings this claim for deprivation of civil rights and for violation of state law against Defendants Joseph F. Bross (hereinafter "Bross"), in his individual capacity and as agent for the Winston Salem Police Department and Phillip Yates (hereinafter "Yates") in his individual capacity and as agent for the Winston Salem Police Department. In support of her claims for relief, Plaintiff says as follows:

## I.        Parties

1.        Plaintiff Destiny Raye Thompson ("Thompson") is an adult citizen and resident of Forsyth County, North Carolina under no legal disability.

2.        On information and belief, Defendant Bross is a citizen and resident of Forsyth County, North Carolina under no legal disability. At all times complained of, Bross was a Police Officer with the Winston Salem Police Department (hereinafter "WSPD") and is sued in his individual capacity and as agent for the WSPD.

Case 1:21-cv-00464-WO-LPA   Document 1   Filed 06/08/21   Page 1 of 11

3. On information and belief, Defendant Yates is a citizen and resident of Forsyth County, North Carolina under no legal disability. At all times complained of, Yates was a Police Officer with the WSPD and is sued in his individual capacity and as agent for the WSPD.

## II. Jurisdiction and Venue

4. The allegations of Paragraphs 1 through 3 of this Complaint are restated and incorporated herein by reference.

5. This lawsuit asserts claims for relief under 42 U.S.C. § 1983 for violation of rights secured and guaranteed to Thompson by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and for violation of certain laws of the State of North Carolina. This Court has jurisdiction over Thompson's federal claims pursuant to 28 U.S.C. §§ 1331 and/or 1443 and pendant and/or supplemental jurisdiction over Thompson's state law claims pursuant to 28 U.S.C. § 1367.

6. It is specifically alleged that the facts detailed below demonstrate that the vehicle that Thompson was traveling in was intentionally seized by Defendants and that Thompson was subject to an unlawful search and seizure, implicating the Fourth Amendment to the United States Constitution and related State Constitutional provisions.

7. In the alternative, Thompson's pre-trial detention rights were violated in contravention of the Eighth Amendment's prohibition against cruel and unusual punishment and in prohibition of Thompson's Due Process rights granted by the Fourteenth Amendment to the United States Constitution as the actions of using unlawful force in striking and using excessive restraint techniques against Thompson demonstrate a reckless indifference to Thompson's rights and the malicious and sadistic intent of Defendants.

8. It is specifically alleged that qualified immunity does not act to bar this claim as Thompson's rights to be free from this illegal seizure and Defendants' sadistic actions were clearly established at the time of this incident and the actions were not taken by Defendants in good faith.

9. Plaintiff also alleges that the doctrine of qualified immunity is a judicial creation lacking support in the text of the relevant federal statutes and should be abrogated by this Court as an unconstitutional infringement on the power of Congress in drafting the pertinent statutes including *inter alia* 42 U.S.C. § 1983.

10. Plaintiff also reserves the right to raise the pending legislation proposing to abrogate qualified immunity if the same is passed and signed by the Congress and the President of the United States during the pendency of this litigation. (See "The Ending Qualified Immunity Act," HR 7085)

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as all parties reside in Forsyth County and the events underlying this lawsuit occurred in Forsyth County which is within the Middle District of North Carolina.

12. Upon information and belief, to the extent the doctrine of sovereign, governmental, qualified or other immunity applies to the claims asserted herein, Defendants, through their respective employers, have waived sovereign or governmental immunity through the purchase of one or more policies of liability insurance pursuant to N.C.Gen.Stat. § 153A-435, by purchasing a bond pursuant to N.C.Gen.Stat. § 162-8, by participating in a local government risk pool pursuant to N.C.Gen.Stat. § 58-23-5, by settling similar claims or actions, by acting maliciously in a manner that shocks the conscience of the Court and by acting intentionally, unlawfully, and/or otherwise.

### III. Factual Basis of Claims for Relief

13. The allegations of Paragraphs 1 through 12 of this Complaint are restated and incorporated herein by reference.

14. In the afternoon hours of May 14, 2020, Thompson left an apartment complex located on Old Vineyard Road in Winston Salem, North Carolina. He recognized that he was being followed by an unmarked police vehicle with two uniformed officers inside. The officers were both Caucasian. Thompson

became nervous, not only because he was being followed by police but also due to the numerous public instances of police violence against minorities like himself publicized in the media.

15. As he traveled from Old Vineyard Road, he turned onto Kilpatrick Road and then finally onto Country Club road, a distance of several miles.

16. The unmarked vehicle remained behind him but did not activate its blue lights.

17. Becoming increasingly nervous and fearful for his own safety, Thompson turned right next to the local elementary school. This was not his original destination but he wanted to see if the police would continue to follow him without reason or cause. The officers did so, finally activating their vehicle's blue lights based on Thompson allegedly "speeding" a few miles over the speed limit. In the body camera of the stop the officers can be seen discussing the fact that Thompson had pulled into a dead-end road and discussing their intent to pull him over.

18. Thompson was not at any time driving dangerously or recklessly nor did he display any weapon or illegal substance in view of either officer prior to his being stopped for allegedly "speeding."

19. Upon seeing the blue lights Thompson stopped his vehicle. He grabbed his cell phone in an effort to have a means to record/communicate with others during the interaction with police out of fear of imminent violence.

20. Immediately upon approaching the vehicle and despite the stop being only "justified" by a minor traffic infraction Officer Bross demanded Thompson exit the car. At the same time Officer Yates approached the passenger side of the car, saw Thompson had a cell phone in his hand, and without any probable cause to arrest Thompson or seize his telephone screamed for Thompson to give him the phone while immediately and aggressively reaching in the vehicle and grabbing the same forcefully.

21. At the same time, Officer Bross was screaming for Thompson to give him the phone and get out of the car. Thompson did not want to give up the phone as no grounds were given for the police to take the phone and he was scared it would be necessary to record the incident or communicate with others

Page **4** of **10**

for his safety. Additionally, Thompson was given only seconds to comply with either command while two officers were screaming at him and grabbing at his phone before his door was opened and he was yanked out so forcefully that Officer Yates on the passenger side of the vehicle was dragged through the car and out the driver's side door while still attached or holding onto Thompson.

22.     Thompson was dragged out of the car and slammed on the ground on his jaw with his hand holding the cell phone landing under him. Officer Bross got on Thompson's back, kneeled on his head, and began to demand to see the hand with the phone that he himself had pinned under Thompson. Thompson said "here's my hand" giving his other arm (the only one that was free) to the officer who promptly responded with "you're not in charge here." Thompson was unable to give the other hand which the officers knew contained only his cell phone due to the fact that it was pinned under him while the officer was kneeling on him. Despite this, Officers Bross and Yates began to beat Thompson about the chest and ribs, kneel on the back of his head, strike the back of his neck with pressure points, and twist the arm not containing the cell phone that Thompson had voluntarily given to the Officers.

23.     During the entire altercation Thompson was terrified yelling "they are beating me" and "help" and words to that effect. Officers mocked Thompson saying "there's no one here man," "you don't have an audience here" and words to that effect. Officer Bross's body camera recorded the entire assault.

24.     Following this, Officer Bross's body camera revealed the true reason why the Officers' followed Thompson, stopped him, and assaulted him. On video the officers talk about how that had been watching Thompson, noting that he had been "in two different rental cars" earlier in the week and that he had visited the apartment complex where they believed he did not live. They confirmed that upon approaching the car they "noticed he had his cell phone out" and "pulled him out of the car to get the cell phone" and that in doing so Officer Yates was "dragged through the car." Neither Officer mentions any fear of any weapon on the person of Thompson or gives any justification for forcibly removing Thompson from the vehicle or assaulting him in order to seize his cell phone.

25.     Eventually the officers restrained Thompson who never threatened the officers, struck the officers, or failed to comply with any lawful instruction of either officer.

26.     These actions caused serious injuries to Thompson's face, jaw, hand, finger, and foot. Upon information and belief these acts led to fractured and/or broken bones in the Plaintiff's foot and permanent nerve injuries to the Plaintiff's fingers, hand, and wrists necessitating extensive medical treatment. Several of these injuries are, upon information and belief, permanent and have caused Thompson to be unable to work in his chosen professions. The officers then falsely arrested Thompson for possession of marijuana after they found a small quantity (less than ½ oz) of marijuana on him and falsely charged him with resisting and delaying a government official. He was never charged with any crime of violence or assault as he never offered any violence or threat against either officer.

### IV.     Claims Pursuant to 42 U.S.C. § 1983

#### A.     The Assault of Thompson

27.     The allegations of Paragraphs 1 through 25 of this Complaint are restated and incorporated herein by reference.

28.     The excessive force used by Officer Bross and Officer Yates, by throwing Thompson out of the vehicle, striking and beating him, severely twisting his arm and hand, using pressure points on him, kneeling on the back of his head and otherwise assaulting him served no legitimate law enforcement objective but constituted excessive force committed maliciously and sadistically for the purpose of causing Thompson harm and evidencing a reckless and callous disregard for Thompson's federally protected rights.

29.     Officer Bross and Officer Yates committed the above described actions under color of state law and by virtue of their authority as Officers of the WSPD as they were purporting to act in the performance of official duties and exceeded their lawful authority.

30.     Officer Bross and Officer Yates used unreasonable and excessive force and deprived Thompson of the rights, privileges and immunities guaranteed him by the Constitution and laws of the

Page **6** of **10**

United States, specifically the rights guaranteed to him by the Fourth Amendment to be free from unreasonable seizure and the Eighth Amendment to be free from cruel and unusual punishment.

31.    In the alternative, Officer Bross and Officer Yates used unreasonable and excessive force and deprived Thompson of the rights, privileges and immunities guaranteed him by the Constitution and laws of the United States, specifically the rights guaranteed to him by the Fourteenth Amendment, by violating his protected life and liberty interests and depriving him of due process of law by extrajudicially assaulting him.

## B.    Causation and Damages

32.    The allegations of Paragraphs 1 through 30 of this Complaint are restated and incorporated herein by reference.

33.    As a direct and proximate result of the willful, malicious and vicious conduct and unreasonable and excessive force of Officer Bross and Officer Yates described above, Thompson suffered a deprivation of his constitutionally protected rights allowing him to recover for this constitutional deprivation, for his medical expenses, his permanent injuries, his lost wages and lost earning capacity, and for all other damages guaranteed by law.

34.    The conduct of Officer Bross and Officer Yates was such that a reasonable and prudent person would have foreseen could produce such injury and damage or some similar injurious result.

35.    The actions described herein were purportedly undertaken within the scope of and pursuant to the duties of Officer Bross and Officer Yates as Officers and agents of the WSPD.

## V.    Claim under North Carolina Law

## A.    Battery

36.    The allegations of Paragraphs 1 through 34 of this Complaint are restated and incorporated herein by reference.

Page **7** of **10**

37.     Officer Bross and Officer Yates, acting under color of state authority, caused malicious and needless bodily contact with Thompson without his consent that directly and proximately caused him serious injuries. The conduct of Officer Bross and Officer Yates was malicious, corrupt, deliberate, and in bad faith.

38.     The conduct of Officer Bross and Officer Yates constituted a battery and Officer Bross and Officer Yates are jointly and severally liable for all injuries and damages inflicted on Thompson, including compensatory and punitive damages

39.     The actions described herein were purportedly undertaken within the scope of and pursuant to the duties of Officer Bross and Officer Yates as Officers and agents of the WSPD and recovery is appropriate against the WSPD as these actions were taken in their official capacity.

## VI.     Punitive Damages

40.     The allegations of Paragraphs 1 through 36 of this Complaint are restated and incorporated herein by reference.

41.     The acts and misconduct of Officer Bross and Officer Yates underlying Thompson's claims of Deprivation of his Civil Rights and Battery as previously described, were accompanied by certain aggravating factors that are related to the injury and damages for which Plaintiff seeks to recover, and the previously described conduct of Officer Bross and Officer Yates as previously described was intentional, malicious, and otherwise willful and wanton.

42.     As a direct and proximate result of the acts and misconduct of Officer Bross and Officer Yates which have been accompanied by the aggravating factors previously described, Plaintiff is entitled to recover, in addition to compensatory damages, punitive damages against Officer Bross and Officer Yates jointly and severally.

Page **8** of **10**

## VII.

## CONCLUSION

**WHEREFORE**, having fully complained of Defendants, Plaintiff respectfully prays the Court for a judgment against Defendants, jointly and severally, as follows:

1.     That Plaintiff have and recover from Defendants, jointly and severally, such amounts as will compensate Plaintiff for the deprivation of Thompson's Constitutional rights and violation of state law as alleged herein, for Thompson's injuries;

2.     That Plaintiff have and recover such punitive damages, jointly and severally, for the deprivation of Thompson's Constitutional rights and violation of state law, as allowed by law;

3.     That Plaintiff have and recover costs, expenses, pre-judgment and post-judgment interest and reasonable attorney fees as allowed by 42 U.S.C. § 1988 or other applicable law;

5.     That Plaintiff **be granted a jury trial of all issues raised herein so triable**; and

6.     That Plaintiff have and recover such other and further amounts and relief as the Court deems appropriate.

Respectfully submitted, this the <u>21st</u> day of April 2021.

<div style="margin-left:40%">

MORROW PORTER VERMITSKY
& TAYLOR, PLLC

<u>s/John C. Vermitsky</u>
**John C. Vermitsky**
N.C. Bar No. 35627
Attorney for Plaintiff
3890 Vest Mill Road (27103)
P.O. Box 25226
Winston-Salem, NC 27114-5226
Tel: (336) 760-1400
Fax: (336) 760-4520
Email: jvermitsky@morrowporter.com

</div>

Page **9** of **10**

s/John N. Taylor, Jr.
**John N. Taylor, Jr.**
N.C. Bar Number 16064
Attorney for Plaintiff
3890 Vest Mill Road (27103)
P.O. Box 25226
Winston-Salem, NC  27114-5226
Tel: (336) 760-1400
Fax: (336) 760-4520
Email:  jtaylor@morrowporter.com

NORTH CAROLINA       )

              )    VERIFICATION

MIDDLE DISTRICT OF NORTH CAROLINA   )

    I, **DESTINY THOMPSON**, first being duly sworn, depose and say that I have read

the foregoing **Complaint** and know the contents thereof; that the same is true of my own

knowledge, except as to these matters and things set forth therein upon information and

belief and, as to those matters, I believe them to be true.

    This the 26th day of April, 2021.


             _____

             **Destiny Thompson**, Affiant




STATE OF NORTH CAROLINA
COUNTY OF Forsyth_____

Sworn to and subscribed before me

This the 26th day of April, 2021

_____
Official Signature of Notary

Julie P. Yarbrough
Printed Name of Notary
My Commission Expires: 8-26-2023

JULIE P. YARBROUGH
Notary Public
Forsyth County, NC